**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PAULA KOHLHAPP, | DOCKET NUMBER |
| Appellant, | DE-0752-20-0252-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: October 11, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Georgia A. Lawrence, Esquire, and Shaun C. Southworth, Esquire, Atlanta, Georgia, for the appellant.

Michael L. Gurnee, Esquire, Centennial, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the analysis of the appellant's claim of whistleblower retaliation and apply the proper standard to her equal employment opportunity (EEO) reprisal claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Supervisory Immigration Services Officer with the agency's U.S. Citizenship and Immigration Services department at its Nebraska Service Center. Initial Appeal File (IAF), Tab 5 at 13, 45. On February 14, 2020, the agency proposed to remove the appellant based on one charge of failure to follow instructions, with two specifications, and one charge of lack of candor, with one underlying specification. *Id.* at 45-47. Specifically, the agency asserted that the appellant failed to follow instructions when, on two separate occasions, she forwarded emails marked for management only to non-management employees. *Id.* at 45-46. Moreover, the agency asserted that the appellant lacked candor when, during an investigation by the agency's Office of Security and Integrity (OSI) into the forwarding of management-only emails, the appellant denied the misconduct despite having forwarded the email in question. *Id.*

at 46-47. After the appellant submitted a written reply, the deciding official sustained the second specification underlying Charge 1 but not the first specification.[2] *Id.* at 14-18, 27-40. The deciding official also sustained Charge 2 and found that the penalty of removal was warranted. *Id*. at 14. The appellant filed a Board appeal arguing that the agency failed to prove the charges, asserting whistleblower retaliation and reprisal for prior EEO activity, and contending that the penalty of removal was too severe. IAF, Tab 1 at 16-29.

Following a hearing, the administrative judge affirmed the agency's removal action. IAF, Tab 20, Tab 22, Tab 27, Tab 29, Initial Decision (ID) at 1. The administrative judge sustained both charges and found that the appellant failed to establish her affirmative defenses of whistleblower retaliation and reprisal for prior EEO activity. ID at 6-27. Finally, the administrative judge found that the agency established the requisite nexus between the sustained charges and the efficiency of the service and that the penalty of removal was within the tolerable bounds of reasonableness. ID at 27-31.

The appellant has filed a petition for review, arguing that the administrative judge erred in sustaining the charges, challenging the administrative judge's analysis regarding her affirmative defenses, and asserting that the penalty of removal is unreasonable.[3] Petition for Review (PFR) File, Tab 1 at 5-14. The agency has responded to the petition for review. PFR File, Tab 3.

---

[2] Prior to the instant removal, the agency proposed and effected the appellant's removal based on similar charges, which she appealed to the Board. *Kohlhapp v. Department of Homeland Security*, MSPB Docket No. DE-0752-19-0202-I-2 (0202 AF). Following the agency's rescission of the original removal action therein, the administrative judge dismissed the appeal as moot. 0202 AF, Tab 9 at 1. The Board has issued a separate decision vacating the initial decision and remanding that matter to the Board's field office for further adjudication, and its outcome has no effect on the instant appeal. *Kohlhapp v. Department of Homeland Security*, MSPB Docket No. DE-0752-19-0202-I-2, Final Order (Oct. 11, 2024).

[3] The appellant's petition for review challenges both the instant removal appeal as well as her mootness appeal. PFR File, Tab 1 at 5, 15. As the mootness appeal is being addressed separately, we only address here the arguments concerning her removal appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly sustained the charges.

*The administrative judge correctly sustained the charge of failure to follow instructions.*

The agency's second specification underlying Charge 1 charged the appellant with forwarding an email regarding overtime eligibility that was labeled "for the management team only" to a non-management employee. IAF, Tab 5 at 46. The administrative judge found that the appellant failed to follow instructions when she received a clear instruction not to forward the email in question to non-management individuals but did so anyway. ID at 6-11. The appellant argues that the agency did not provide proper instructions and that her forwarding of the email was unintentional. PFR File, Tab 1 at 7. We agree with the administrative judge. To prove a charge of failure to follow instructions, an agency must establish that the following elements: (1) the employee was given a proper instruction; and (2) she failed to follow the instruction, without regard to whether the failure was intentional or unintentional. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014).

As for the first element, the administrative judge found that the language in the email noting that it was "intended for the management team only" was a clear instruction not to forward the email to non-management and was a proper exercise of managerial authority. ID at 8. The appellant merely disagrees with this finding, asserting that she was not given proper instructions or a policy. PFR File, Tab 1 at 7. However, she fails to explain how the instruction at issue was improper or unclear. The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). The email in question includes clear language instructing the recipients that it is for management only and further

directs the recipients on how to handle union questions about the information contained therein. IAF, Tab 5 at 81-82. We find nothing improper about management sending an email for the management team only. Accordingly, we agree with the administrative judge, and the appellant's arguments to the contrary are unpersuasive.

As to the second element, the record contains an email sent from the appellant's work email address to her personal email address forwarding the management email in question. IAF, Tab 10 at 6-7. The record further includes an email from the appellant's personal email address to a non-management individual working with the agency's union. *Id.* The appellant does not deny forwarding the email to a non-management individual but, rather, argued that it was done inadvertently and not intentionally. IAF, Tab 13 at 4, 21. However, intent is not an element of a charge of failure to follow instructions, and an agency may establish the charge without proving intent to willfully disobey the instructions. *Powell,* 122 M.S.P.R. 60, ¶ 5; *Hamilton v. U.S. Postal Service,* 71 M.S.P.R. 547, 555-57 (1996). Accordingly, we agree with the administrative judge that the agency proved the second element and, thus, that it proved the charge of failure to follow instructions.[4] ID at 11.

*The administrative judge correctly sustained the lack of candor charge.*

The administrative judge found that the agency sufficiently proved that the appellant lacked candor when she denied forwarding the management-only email during the OSI investigation. ID at 11-15. The appellant challenges this finding, arguing that because she was not aware that she forwarded the email to the non-management individual, she did not knowingly provide inaccurate or incomplete information. PFR File, Tab 1 at 8-11. We are unpersuaded.

---

[4] As the administrative judge noted, the agency only sustained specification two of the charge of failure to follow instructions. IAF, Tab 5 at 14. Nonetheless, when more than one specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army,* 918 F.2d 170, 172 (Fed. Cir. 1990).

Lack of candor "is a broader and more flexible concept" than falsification. *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 23 (2016) (citing *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002)), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. However, although lack of candor does not require an "affirmative misrepresentation," it "necessarily involves an element of deception." *Id.* (citing *Ludlum*, 278 F.3d at 1284-85). A lack of candor charge requires proof of the following elements: (1) the employee gave incorrect or incomplete information; and (2) she did so knowingly. *Id.*

As to the first element, we agree with the administrative judge that the appellant provided incorrect information when questioned about whether she had forwarded an email to a non-management individual. ID at 14. The record reflects that, when asked by the OSI investigators whether she had forwarded the email to a non-management individual, she responded "[t]o the best of my recollection . . . I did not . . . . I sent it to my home [email address] and I don't recall forwarding it to anybody else." IAF, Tab 5 at 145. She further stated, "I don't recall doing it and I don't believe I ever would." *Id.* at 146. In a subsequent portion of the interview, the appellant again denied knowledge of forwarding the email, stating "[n]ot from me, I don't believe so, not that I'm aware of." *Id.* at 165. The record reflects that the appellant did in fact forward the email to a non-management individual. IAF, Tab 10 at 6-7. Accordingly, we agree with the administrative judge that her statement denying such conduct was incorrect.

Regarding the second element, the crux of the appellant's argument on review is that because she did not intend to forward the email, and was unaware that she had done so, she did not knowingly provide incorrect or incomplete information to the OSI investigators. PFR File, Tab 1 at 8-11. The administrative judge found that the appellant's statements to the OSI investigators were not merely incorrect but also involved an element of deception in that when

she responded, the appellant knew that she had forwarded an email to a non-management individual. ID at 14. In reaching this finding, the administrative judge made comprehensive credibility findings and specifically did not credit the appellant's version of the events. ID at 9-11, 13. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board may overturn an administrative judge's demeanor-based credibility determinations only when they are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).

Specifically, the administrative judge considered, but did not credit, the appellant's testimony that she was very distracted due to an ongoing divorce and problems with her daughter and that she must have accidentally forwarded the email instead of putting it in a folder as intended. ID at 9-11. The administrative judge found it inherently improbable that the appellant, while attempting to put the email in a folder, would instead click forward, type something on the keyboard to populate the non-management individual's email, and click send, all without noticing. ID at 10-11. Moreover, the administrative judge acknowledged the lack of apparent motive but found it immaterial to the issue of whether the appellant's explanations were credible. ID at 11. We find that the administrative judge properly considered the record as a whole and made reasoned conclusions, and the appellant has not identified sufficiently sound reasons to overcome the special deference given to the administrative judge's demeanor-based credibility determinations. *Faucher*, 96 M.S.P.R. 203, ¶ 8; *see also Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board

must give deference to an administrative judge's demeanor-based credibility determinations).

Thus, in light of the finding that the appellant intentionally forwarded the email, we agree that she knowingly gave incorrect or incomplete information to the OSI investigators when she denied sending the email, denied recalling doing so, and asserted that she did not believe she ever would. Accordingly, the administrative judge correctly sustained the lack of candor charge.

<u>We agree with the administrative judge that the appellant failed to establish her affirmative defenses.</u>

The appellant argues that the agency's removal action constituted whistleblower retaliation and reprisal for prior EEO activity. PFR File, Tab 1 at 12-13. The administrative judge considered both affirmative defenses but found that the appellant failed to meet her burden of proving any violations. ID at 15-27.

*The appellant failed to establish her affirmative defense of whistleblower retaliation.*

To prevail on an affirmative defense of whistleblower reprisal, once the agency proves its charges by a preponderance of the evidence, the appellant must demonstrate by preponderant evidence that she made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the adverse action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013). If the appellant establishes a protected disclosure or activity and contributing factor by preponderant evidence, then the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure or activity. 5 U.S.C. § 1221(e)(2); *Shibuya*, 119 M.S.P.R. 537, ¶ 32.

Here, the administrative judge found that the appellant met her burden of proving that she made protected disclosures and engaged in protected activity, and that these disclosures and activity were a contributing factor in the agency's

decision to remove her.[5]  ID at 15-22.  The parties do not challenge these findings on review, and we decline to disturb them.  The administrative judge additionally found that the agency proved, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the appellant's disclosures and activity.  ID at 22-24.  The appellant challenges the administrative judge's weighing of the various factors in reaching this conclusion.  PFR File, Tab 1 at 12-13.  Although we agree with the appellant that the administrative judge did not correctly weigh the relevant factors, we nonetheless agree with the administrative judge's determination that the agency met its burden of proof.

In determining whether the agency has carried its burden, the Board will consider all the relevant facts and circumstances, including the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblower but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

Regarding the first factor, the administrative judge found that the agency had strong evidence in support of the appellant's removal.  ID at 22-23.  We agree with the administrative judge.  The record evidence clearly established that the appellant failed to follow instructions when she forwarded the email to a non-management individual.  IAF, Tab 10 at 6-7.  The Board has found that when an agency proves its charges, as is the case here, this is a factor weighing in favor of agency on the clear and convincing issue.  *Shibuya*, 119 M.S.P.R. 537, ¶ 36; *see also Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 24 (finding the agency met its clear and convincing burden by, among other things, providing

---

[5] The administrative judge found that the appellant alleged that she disclosed voucher fraud to the agency's Office of Inspector General (OIG); disclosed to the OIG, Office of Special Counsel, and the agency's OSI that the proposing official involved in the prior removal appeal engaged in inappropriate nepotism; and disclosed wrongdoing by her ex-husband, who was not an agency employee, to various OIGs.  ID at 18-19.

sufficient evidence to support the underlying charges), *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009). Accordingly, because both charges were sustained and in light of the record and testimonial evidence supporting these charges, we agree with the administrative judge that the agency had strong evidence in support of its action.

As to the second factor, the administrative judge found that the deciding official worked at a separate facility from the appellant, did not know the appellant or anyone involved with her whistleblowing, and only became aware of the appellant's whistleblowing from the appellant's written reply to the proposed removal. ID at 23. Other than a professional retaliatory motive, the administrative judge found no motive from the deciding official to retaliate, and thus concluded that this factor strongly supported the agency's decision to remove the appellant. ID at 23-24. The appellant challenges the administrative judge's analysis and conclusion that this factor weighed in favor of the agency. PFR File, Tab 1 at 12. As explained below, we find that the deciding official had some motive to retaliate.

In *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), the court found that "an agency official's merely being outside that whistleblower's chain of command, not directly involved in alleged retaliatory actions, and not personally named in the whistleblower's disclosure is insufficient to remove the possibility of a retaliatory motive or retaliatory influence on the whistleblower's treatment." *Id.* at 1371. Thus, when applying the second factor, "the Board will consider any motive to retaliate on the part of the agency official who ordered the action, as well as any motive to retaliate on the part of other agency officials who influenced the decision." *Id.* The court additionally recognized that individuals "responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." *Id.* at 1370; *see also Phillips v.*

*Department of Transportation*, 113 M.S.P.R. 73, 83 (2010) (finding that comments generally critical of agency's leadership would reflect poorly on officials responsible for monitoring the performance of the agency).

The appellant asserts that the proposing and deciding officials involved in the agency's first removal action, which was subsequently rescinded, were aware of her whistleblowing and thus had a motive to retaliate. PFR File, Tab 1 at 12. She further asserts that the agency transferring the case to a different facility does not absolve the retaliatory motive, especially given that the deciding official in the instant removal action knew and interacted with the individuals involved in the first removal action. *Id.* Indeed, the evidence suggests that one of the appellant's disclosures specifically alleged that the proposing official for the first removal action engaged in fraud, mismanagement, nepotism, and created a hostile working environment. IAF, Tab 14 at 42-51.[6] Moreover, the deciding official knew, via the appellant's written response to the proposed removal, that the appellant had engaged in numerous forms of whistleblowing against the first proposing and deciding officials, as well as the agency in general. IAF, Tab 5 at 34-35.

Accordingly, we agree with the appellant that, at a minimum, the deciding official here had some motive to retaliate. *See Whitmore*, 680 F.3d at 1370 (recognizing that individuals responsible for the agency's performance overall may have a motive to retaliate as whistleblowing criticism reflects on them in their capacities as managers and employees). This is bolstered by the fact that one of the disclosures at issue here directly implicated the first proposing official. *See id.* at 1371 (recognizing that the Board must consider any motive to retaliate

---

[6] As the administrative judge noted, the attachments associated with the appellant's written reply to the proposed removal, which contains the details of her disclosures regarding the first proposing official, were not included in conjunction with the written reply in the record. ID at 18. However, the attachments, as referenced in her written reply, are included in the appellant's prehearing submissions. IAF, Tab 5 at 34-35, Tab 14 at 42-71. As further evidence that the deciding official here received the attachments, she specifically references the nepotism disclosure in the removal decision. IAF, Tab 5 at 16.

on the part of other agency officials who may have influenced the decision). Nonetheless, beyond their motives as individuals responsible for the agency's performance, we find that the proposing and deciding officials here lacked a strong motive to retaliate because the whistleblowing was not directed at them and they did not work at the facility about which the appellant made disclosures. *See Phillips*, 113 M.S.P.R. 73, ¶ 29 (finding that, although one individual had a strong retaliatory motive, two other individuals more heavily involved in the agency's adverse action lacked such a strong motive). In light of the above, we modify the administrative judge's analysis and find that the agency officials involved in the instant removal action had some motive to retaliate.

Finally, regarding the third factor, the administrative judge found that the absence of any evidence that the agency treated similarly situated nonwhistleblowers more favorably rendered the factor neutral. ID at 24. The appellant argues that the agency's failure to present comparator evidence should weigh against the agency. PFR File, Tab 1 at 12-13. Although there is no affirmative burden on the agency to produce evidence with respect to each factor, to the extent such comparator evidence exists, the agency is required to come forward with all reasonably pertinent evidence relating to the third factor. *Whitmore*, 680 F.3d at 1374. An agency's failure to do so may be at its own peril. *Id.* As a practical matter, the agency has far greater access to and control over evidence of prior disciplinary actions taken against its employees than a whistleblower-employee typically does. *Id.*

According to the proposed removal, the agency was unable to find specific comparative discipline but stated that "similar comps found are consistent with the proposed penalty" of removal. IAF, Tab 5 at 48. It appears that the agency provided several other disciplinary actions brought by the agency for similar misconduct. IAF, Tab 19 at 46-91, 99-106. The administrative judge did not address these alleged comparators. Although several of the alleged comparator individuals held the same title as the appellant, they appear to have worked in

different agency locations and with different chains of command. *Id.* at 46, 51, 60. Thus, it does not appear that they qualify as similarly situated nonwhistleblowers for purposes of this factor. *See Whitmore*, 680 F.3d at 1373 (noting that, for other employees to be deemed similarly situated, all relevant aspects of the appellant's employment situation must be nearly identical to those of the comparative employees). Regardless, we find that the lack of comparator evidence cannot favor the agency. *See id.* at 1374 (finding an agency's failure to produce comparator evidence may be at the agency's peril).

Overall, we find that the strength of the agency's evidence in support of its action outweighs any slight motive to retaliate and lack of comparator evidence. *See Phillips*, 113 M.S.P.R. 73, ¶ 29 (finding the strength of the evidence in support of the agency's action outweighed the motive to retaliate); *see also Pedeleose*, 110 M.S.P.R. 508, ¶ 24 (finding the clear and convincing burden met when the agency established a strong case in support of its action and the absence of a strong motive to retaliate by the officials responsible for the action). Accordingly, we agree with the administrative judge that the agency met its clear and convincing burden, and that accordingly, the appellant's affirmative defense of whistleblower retaliation must fail.

> *The appellant failed to establish her affirmative defense of reprisal for prior EEO activity.*

The appellant claimed that her removal was in retaliation for filing several EEO complaints stemming from an allegation of disability discrimination and harassment. IAF, Tab 5 at 34, Tab 13 at 13-14; *Kohlhapp v. Department of Homeland Security*, MSPB Docket No. DE-0752-19-0202-I-1, Tab 18 at 5-6. The administrative judge found that the appellant failed to establish that her prior EEO activity was a motivating factor in the agency's removal decision. ID at 24-27. Although we agree with the administrative judge's conclusion that the appellant failed to establish her affirmative defense, we clarify that the proper standard to apply in claims involving the protected activity at issue here is the

"but-for" causation standard, and we modify the initial decision accordingly. *Pridgen*, 2022 MSPB 31, ¶ 47. Because we find that the appellant cannot meet the lesser motivating factor standard, we conclude that she does not meet the "but-for" standard. The outcome therefore remains the same.

The appellant alleged that she filed numerous EEO complaints against the proposing official in the agency's first removal action, in 2008 and 2011, in which that proposing official was involved in the mediation. IAF, Tab 13 at 20. Additionally, in December 2018, the appellant filed a formal EEO complaint against the proposing official. *Id.* at 13-14, 20. The appellant informed the deciding official in the instant appeal of her reprisal allegation in her reply to the proposed removal. IAF, Tab 5 at 34. However, the deciding official in the instant appeal was not named in any of the appellant's EEO complaints, and there is no evidence of any ambiguous statements or comments that would suggest a retaliatory intent. Moreover, as discussed above, the agency's reason for the removal was based on strong evidence, and the record supports a finding that the appellant engaged in the alleged misconduct. Therefore, the only indication that the appellant's prior EEO activity was even a factor in the removal is the temporal proximity between the EEO complaint and her removal. We find that this temporal proximity alone does not establish that the protected activity was a motivating factor, let alone establish that it was a "but-for" cause of her removal. The appellant does not challenge any of the specifics of the administrative judge's findings, but rather, she merely asserts that her arguments regarding whistleblower retaliation are applicable to her EEO reprisal arguments. PFR File, Tab 1 at 13. We find that this is insufficient to disturb the administrative judge's findings. Accordingly, the appellant has not established her affirmative defense of reprisal for prior EEO activity.

<u>The administrative judge correctly found that the agency established nexus and that the penalty of removal was reasonable.</u>

The administrative judge found a nexus between the charged misconduct and the efficiency of the service. ID at 27-28. The appellant asserts that because the agency cannot prove its charge of lack of candor, a nexus does not exist. PFR File, Tab 1 at 11-12. We are unpersuaded. As set forth above, we agree with the administrative judge that the agency sufficiently established both charges. Moreover, the Board has found a nexus established based on a charge of failure to follow instructions as it relates directly to the efficiency of the appellant's service. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 24 (2014).

As for the penalty, the administrative judge found that the deciding official considered the relevant aggravating and mitigating factors and that the penalty of removal was within the tolerable limits of reasonableness. ID at 28-31. The appellant asserts that the penalty is excessive. PFR File, Tab 1 at 13-14.

When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Archerda*, 121 M.S.P.R. 314, ¶ 25. In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.*

After reviewing the record, we find that the deciding official properly considered the relevant factors in making her penalty determination. IAF, Tab 5 at 14-16, 22-25. The appellant argues that there was no evidence of intent, which should have been considered a mitigating factor. PFR File, Tab 1 at 13-14; *see Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014) (noting that, in evaluating the penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct, including whether the offense was intentional), *aff'd per curiam*, 617 F. App'x 996 (Fed. Cir. 2015) (Table). As discussed above,

we defer to the administrative judge's credibility finding that the appellant intended to forward the email in question. ID at 11. The appellant further argues that, even if the forwarding were intentional, there must be an explanation of the intent to warrant using it as an aggravating factor. PFR File, Tab 1 at 14. Indeed, both the proposing and deciding officials here found the appellant's misconduct to be intentional and considered this in their penalty analysis. IAF, Tab 5 at 14-15, 47. Regardless, the Board has held that, if an agency proves an employee's failure to follow instructions was intentional rather than merely negligent, it is free to use that fact as an aggravating factor in the penalty selection. *Hamilton*, 71 M.S.P.R. at 556. Accordingly, the deciding official did not err in considering this factor as aggravating. Finally, the appellant again claims that because the lack of candor charge should not be sustained, the removal penalty is excessive. As discussed above, we find that the administrative judge correctly sustained the lack of candor charge. The appellant points to no other relevant mitigating or aggravating factors that the deciding official failed to properly consider. Accordingly, we find that the penalty of removal was within the tolerable limits of reasonableness. *Archerda*, 121 M.S.P.R. 314, ¶ 27.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.